SARAH L. MYERS and Another, Appellants, *v.* THOMAS BOLTON and Others, Respondents.

*Action for partition between devisees — sale of the land by executors — payment of the proceeds into court.*

If a sale of a testator's land made by his executors is authorized by the will, the Surrogate's Court in which proceedings are pending for a judicial settlement of the executor's accounts has jurisdiction to decree distribution of the proceeds, whether they are to be regarded as realty or personalty, and the executors will not be compelled to pay such proceeds into the Supreme Court in an action of partition pending therein between the devisees of the land.

If, during the pendency of an action brought for the partition of a testator's lands among his devisees, the lands are attempted to be sold by the executors, and it appears that, if the power of sale was not conferred upon the executors by the will, the undivided part of the real estate devised to each of the plaintiff

devisees who object to the sale is vested in them, it may be partitioned in the action, but such devisees have no right to insist that the other devisees, who have consented to the sale by the executors, shall pay into court in the partition action the consideration which may have been received from a purchaser for their interests in the land.

APPEAL by the plaintiffs, Sarah L. Myers and Mary A. Little-wood, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 22d day of May, 1893, denying the plaintiffs' motion to require the payment into court of the proceeds of the sale of certain land.

*James R. Marvin*, for the appellants.

*Alex Thain*, for the respondents.

PARKER, J.:

The plaintiffs and six of the defendants are residuary legatees and devisees under the will of Ann Bolton, deceased. The action in which the order appealed from was made was brought to partition the lands so devised. Thereafter the executors, Thomas and Henry B. Bolton, under a general power of sale given by the will, assumed to sell and convey a portion of the premises for the sum of $30,000. The plaintiffs challenging the validity of the power of sale, all of the devisees — except the plaintiffs, who refused to do so — united in a conveyance to the purchaser. The executors offered to bring the proceeds of the sale into the Surrogate's Court, where their accounting was pending, but objection was made by these plaintiffs that there was no authority vested in them as executors to make the sale and hence the proceeds could not form a part of their account. Subsequently the executors sold the residue of the real estate which passed by the residuary devise, from which was realized the sum of $8,161.97. The latter sum was applied in payment of the debts of the deceased. Since then proceedings have been taken for a final judicial settlement of their accounts as executors before the surrogate of Westchester county, an account has been filed reciting the receipt of the proceeds of the last sale and the disposition thereof, plaintiffs have appeared therein and requested and secured adjournments from time to time, but at the date of making this motion had not filed any objections to such account.

Upon these facts the court denied the plaintiffs' motion to compel the executors to pay the sum of $8,161.97 into court.

Aside from the fact that the executors as such are not parties to the action in which this motion is made, the decision of the court was right for the following reasons:

(1) If the sale of the lands attempted to be made by the executors was authorized by the will, then the Surrogate's Court in which proceedings are pending for a judicial settlement of their accounts has jurisdiction to decree distribution, whether the proceeds are to be regarded as realty or personalty. (Code Civ. Pro. § 2724, subd. 4.) Such has been the law of this State at least since 1837 (Chap. 460, Laws 1837).

(2) If power of sale was not conferred on the executors by the will, as the plaintiffs have hitherto contended, then the undivided part of the real estate devised to each of them by the residuary clause is now vested in them and may be partitioned in the pending action. But they have no right to insist that the other devisees shall pay into court the consideration which they may have received from a purchaser for their several undivided interests.

The order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.